Martin F. Casey
**CASEY & BARNETT, LLC**
41 Madison Avenue, Ste 2528
New York, New York 10010
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LDC COFFEE MERCHANDISING LLC

      Plaintiff,

   - against –

MEDITERRANEAN SHIPPING COMPANY S.A.,

      Defendant.
-----------------------------------------------------------------X

15 Civ.

**COMPLAINT**

      Plaintiff, LDC COFFEE MERCHANDISING LLC, by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

### JURISDICTION

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

    2.    Venue in this district is predicated on the jurisdiction clause contained in the each of the defendant's bill of lading, which provides for jurisdiction of all claims under the respective bills of lading to be subject to the exclusive jurisdiction of the United States District Court for the Southern District of New York.

### PARTIES

    3.    At all material times, LDC COFFEE MERCHANDISING LLC (hereinafter "LDC" or "Plaintiff") was and is a limited liability company organized and existing by virtue of the laws of a foreign state with an office and place of business located at 40 Danbury Road,

Wilton, Connecticut 06897 and was the owner and/ or consignee of 275 bags Green Coffee laden on board the M/V ACAPULCO, as more specifically described below.

4. At all material times, defendant, Mediterranean Shipping Company S.A. (hereinafter "MSC" or "Defendant") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 420 Fifth Avenue, New York, New York 10018 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

5. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## AS AND FOR A CAUSE OF ACTION

6. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 5, inclusive, as if herein set forth at length.

7. In September, 2014, a consignment consisting of 275 bags Green Coffee, laden in container number MSCU 367671-5, then being in good order and condition, was delivered to MSC and/or its agents in Buenaventura, Colombia for transportation to Houston, Texas in consideration of an agreed upon freight, pursuant to MSC bill of lading number MSCUBU636821 dated on or about September 15, 2014.

8. Thereafter, the aforementioned consignment was loaded aboard the M/V ACAPULCO in Buenaventura, Colombia and the vessel sailed for its intended destination.

9. On September 17, 2014 the subject container was discharged from the M/V ACAPULCO in Panama.

10. At some point thereafter the subject container was transshipped onto another MSC operated vessel with a destination of Houston, Texas.

11. On or about October 3, 2014 the MSC operated vessel arrived in Houston, Texas and docked at the Bayport Terminal in the Houston Ship Channel.

12. On or about October 3, 2014, while the vessel was discharging cargo, including plaintiff's cargo, the subject container was dropped onto the pier while it was being discharged with a terminal container crane.

13. The subject container dropped approximately 50 feet onto the dock. The container landed inverted and with the container doors breaking open upon impact and causing cargo to spill out from the container. The impact of the container also caused damage to the integrity of the various bags holding the cargo.

14. Salvage operations were implemented to save as much cargo as possible. A total of 138 bags were found to be salvageable. The balance of the cargo, 137 bags, was determined to be contaminated and otherwise unfit for human consumption. The contaminated cargo was destroyed.

15. The loss sustained by Plaintiff was not the result of any act or omission of the Plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the Defendant and/or its agents.

16. As a result of the foregoing, Plaintiff sustained a loss of at least $55,987.93, no part of which has been paid, although duly demanded.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $55,987.93, together with interest, costs and the disbursements of this action; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
September 30, 2015
424-26

CASEY & BARNETT, LLC
Attorneys for Plaintiff

By: *Martin F. Casey*
Martin F. Casey
41 Madison Avenue, Ste 2528
New York, New York 10010
(212) 286-0225